**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> Plaintiff, <br><br> vs. <br><br> **TOBY RAY TAYLOR** <br><br> Defendant. | **CASE NUMBER: 3:22CR26-001** <br> **USM Number: 04272-510** <br><br><br> **CHAD PENNINGTON - FCD** <br> **DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on September 9, 2022.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:922(g)(1) FELON IN POSSESSION OF FIREARM WITH FORFEITURE ALLEGATION | March 24, 2022 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

| |
|---|
| February 9, 2023 |
| Date of Imposition of Judgment |
| s/ Damon R. Leichty |
| Signature of Judge |
| Damon R. Leichty, United States District Judge |
| Name and Title of Judge |
| February 10, 2023 |
| Date |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months.**

The Court makes the following recommendations to the Bureau of Prisons:

    The Court recommends that the Bureau of Prisons designate as the place of the defendant's confinement, consistent with his security classification as determined by the Bureau of Prisons, a facility where he may participate in a residential drug abuse program (RDAP), namely FCI Milan.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:22CR26-001
Defendant: TOBY RAY TAYLOR                                                                                   Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** subject to the following conditions:

## CONDITIONS OF SUPERVISION

1. You must not commit another federal, state, or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must not unlawfully use any controlled substance, including marijuana, and must submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance.

4. You must cooperate with the probation officer with respect to the collection of DNA.

5. You must be lawfully employed full-time (at least 30 hours per week). If you are not employed full-time, you must try to find full-time employment under the supervision of the probation officer. If you become unemployed, or change your employer, position, or location of employment, you must tell the probation officer within 72 hours of the change. If after 90 days you do not find employment, you must complete at least 10 hours of community service per week until employed or participate in a job skills training program approved and directed by your probation officer.

6. You must report in person to the probation office, in the district which you are released, within 72 hours of release from the custody of the Bureau of Prisons. You must report to the probation officer in the manner and as frequently as the court or the probation officer directs; and you must notify the probation officer within 48 hours of any change in residence, and within 72 hours of being arrested or questioned by a police officer.

7. You must not travel knowingly outside the federal judicial district without the permission of the court. Alternatively, the probation officer will grant such permission when doing so will reasonably assure the probation officer's knowledge of your whereabouts and that travel will not hinder your rehabilitation or present a public safety risk.

8. You must truthfully answer any inquiry by the probation officer and must follow the instruction of the probation officer pertaining to your supervision and conditions of supervision. This condition does not prevent you from invoking the Fifth Amendment privilege against self-incrimination. The court proposes this condition because supervision can't succeed if the probation officer can't get reliable information from, and guide, the defendant.

9. Unless an assessment at the time of release from imprisonment or commencement of probation indicates to the court that participation is unnecessary, you must participate in a substance abuse treatment program or aftercare program. The court will receive notification of such assessment. You must abide by all treatment program requirements and restrictions, consistent with the conditions of the treatment provider. You will be

required to participate in drug and /or alcohol testing, not to exceed 85 drug and/or alcohol tests per year. At the request of a treatment provider, probation officer, or you, the court may revise these conditions. While under supervision, you must not consume alcoholic beverages. You must pay all or a part of the costs for participation in the program, not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court. Failure to pay these costs will not be grounds for revocation unless the failure is willful.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|:---:|:---:|:---:|
| $100.00 | NONE | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

- **SMITH & WESSON M&P 9 SHIELD EZ M2.0 Pistol CAL:9 SN: NFB0842 and;**
- **7 Rounds OTHER Ammunition CAL:9.**

Name: <u>TOBY RAY TAYLOR</u>
Docket No.:<u>3:22CR26-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                                                                       Date


_____        _____
U.S. Probation Officer/Designated Witness                Date